UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
COMMERCE BENEFITS GROUP, INC.,                :
                                              :    CASE NO.: 1:07-CV-2036
        Plaintiff,                            :
                                              :
vs.                                           :    OPINION & ORDER
                                              :    [Resolving Doc. Nos. 25, 36]
MCKESSON CORPORATION                          :
                                              :
        Defendant.                            :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court are motions to file a third and fourth amended complaint filed by the Plaintiff Commerce Benefits Group, Inc. ("Commerce Benefits"). [Docs. 25, 36.] Defendant McKesson Corporation ("McKesson") opposes the motions. [Doc. 31.] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's motions to amend the complaint.

**I. Background**

This case arises out of an alleged contractual relationship between the Plaintiff and Per-Se Technologies, Inc. ("Per-Se") to develop and market a pharmaceutical distribution program. [Doc. 1-1 at 1.] In 2007, the Defendant apparently acquired ownership of Per-Se and denied that it had a contractual relationship with the Plaintiff. *Id.* at 2. With this case, the Plaintiff asserts claims against the Defendant based upon breach of contract, promissory estoppel, and unjust enrichment. [Doc. 19.]

Case No.1:07-cv-2036
Gwin, J.

On September 7, 2007, the Court held a case management conference and issued a case management scheduling order. [Doc. 18.] Pursuant to this order, the parties were to be joined and pleadings amended by September 24, 2007. *Id.* The Court also set a deadline for dispositive motion discovery on December 17, 2007 and ordered that all dispositive motions be filed by January 2, 2008. *Id.* On September 20, 2007, the Plaintiff filed its second amended complaint. [Doc. 19.]

On December 28, 2007, the Plaintiff filed a motion for leave to file a third amended complaint. [Doc. 25.] In that motion, the Plaintiff stated that the December 14, 2007 deposition of a former Per-Se employee, Skip Best, revealed previously unknown facts that support an additional claim for breach of fiduciary duty. *Id.* The Defendant opposed this motion, arguing that an amendment of the complaint at this late date constitutes undue delay and would significantly prejudice the Defendant because it had already filed for summary judgment and completed its dispositive motion discovery. [Doc. 31.] The Defendant also argues that the fiduciary duty claim could have been raised at the inception of the lawsuit and no newly discovered facts justify the addition of this claim. *Id.* Finally, the Defendant said that the amendment would be futile since there was no joint venture or special trust between the parties on which to base a fiduciary duty. *Id.* at 5.

On January 16, 2008, the Plaintiff then filed a motion for leave to file a fourth amended complaint. [Doc. 36.] In this motion, the Plaintiff seeks to add the above-described breach of fiduciary duty claim and to add Per-Se as a new party defendant. *Id.* The Plaintiff argues that it should be permitted to add a new party to the case because the Defendant's motion for summary judgment asserts for the first time that, at all times since the Defendant purchased the stock of Per-Se, Per-Se has remained in business as a wholly owned subsidiary and thus Defendant McKesson is not liable. *Id.* The Plaintiff also argues that, if the Defendant is not liable, then the Plaintiff should be

Case No.1:07-cv-2036
Gwin, J.

permitted to amend the complaint to include a tortious interference with business relationships claim against the Defendant. *Id.* at 2-3.

## II. Legal Standard

After a defendant files a responsive pleading, a plaintiff may only amend his complaint by leave of the court. FED. R. CIV. P. 15(a). Leave to amend should be "freely given when justice so requires." *Id.* The Supreme Court has articulated the general standard for Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). A court must examine the *Foman* factors in light of the directive of Rule 1 of the Federal Rules of Civil Procedure that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *Foman*, 371 U.S. at 182. The decision whether "justice so requires" the amendment is at the district court's sound discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

Expanding on *Foman* and *Zenith Radio*, the Sixth Circuit has noted that:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted). *See also Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986); *Tefft v. Seward*, 689 F.2d 637 (6th Cir. 1982).

A court must conclude that there is "at least some significant showing of prejudice" to the defendant in order to deny a plaintiff's motion to amend the complaint. *See Ziegler v. Aukerman,*

Case No.1:07-cv-2036
Gwin, J.

2008 WL 114855, at *8 (6th Cir. 2008) (citing *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir.1986)). In making this evaluation, the court should focus on, among other things, whether an amendment would make the case unduly complex and confusing and ask if the defending party would have conducted the defense in a substantially different manner had the plaintiff previously tendered the amendment. *See Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986) (*per curiam*). *See also Bridgeport Music, Inc. v. Dimension Films,* 410 F.3d 792, 806 (6th Cir. 2005) (noting that delay "will become 'undue' at some point, 'placing an unwarranted burden on the court,' or 'prejudicial, placing an unfair burden on the opposing party.'") (citing *Morse v. McWhorter,* 290 F.3d 795, 800 (6th Cir.2002)).

### III. Discussion

*A. The Breach of Fiduciary Duty Amendment*

The Plaintiff seeks to amend its complaint to include a new claim for breach of fiduciary duty. Under Ohio law, a "fiduciary relationship" is defined as a relationship "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *In re Termination of Emp. of Pratt,* 321 N.E.2d 603, 609 (Ohio 1974). The Plaintiff has argued that such a relationship existed between the Plaintiff and Defendant since the inception of this case in federal court. Although facts recently discovered through depositions of the Defendant's witnesses and third parties may have provided even more support for this argument, the factual basis for a breach of fiduciary claim existed at the beginning of this lawsuit and yet was not raised by the Plaintiff. In fact, the Plaintiff's second amended complaint, filed on September 20, 2007, and the proposed third amended complaint contain the same exact facts, except for the Plaintiff's insertion of the alleged fact that Plaintiff Commerce

-4-

Case No.1:07-cv-2036
Gwin, J.

Benefits and Defendant McKesson and Per-Se "acted as joint venturers . . ." [Doc. 25-1.]

The Court ordered that all parties should have been joined and pleadings amended nearly four months ago. The case has already progressed past the dispositive discovery deadline and the original filing deadline for dispositive motions. The Defendant has already moved for summary judgment, and the Plaintiff has opposed the motion. The Court finds that this delay in filing the proposed new claim is undue. The Sixth Circuit has held that "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 459 (6th Cir. 2001). Here, the Plaintiff has not adequately explained why it was unable to assert a breach of fiduciary duty claim earlier in the case. The record does not indicate why the Plaintiff was unable to depose the third party, Skip Best, at an earlier date and, even assuming that the Best deposition did take place at the earliest possible time, the Plaintiff has not sufficiently explained what newly discovered facts would compel an exception to the Court's original case management scheduling order.

Further, the Defendant says that it would be significantly prejudiced by the addition of this claim because it has already expended substantial time and resources into conducting discovery. Defendant McKesson says that the Plaintiff has thus far only alleged equitable and contractual claims, but that the breach of fiduciary duty claim is a tort claim that, if proven, could support the recovery of punitive damages. The Defendant also asserts that the Plaintiff's proposed amendment is futile because the parties did not undertake a legal joint venture and thus a breach of fiduciary duty claim must fail.

The Court agrees that the addition of a new tort claim, which could have been raised much earlier in the proceeding, would result in prejudice against the Defendant at this late stage in the

Case No.1:07-cv-2036
Gwin, J.

litigation. Ignoring the fact that the amendment would compel the Court to postpone its discovery and dispositive motion deadlines even further, thus resulting in a later trial date, the amendment would also force the Defendant to expend more attorneys' fees in conducting additional discovery and in refiling dispositive motions. *See Leary v. Daeschner,* 349 F.3d 888, 907 (6th Cir. 2003) (noting previous case where district court did not abuse its discretion in denying a motion to amend when "the time for discovery and dispositive motions had passed and a summary judgment motion had been filed"). Because the Court finds that the amendment would result in undue delay and prejudice, the Court need not address the argument that the new claim would be futile.

*B. The Addition of Per-Se as a New Party Defendant*

In its motion for leave to file a fourth amended complaint, the Plaintiff seeks to add Per-Se as a new party defendant. [Doc. 36.] The Plaintiff says that it was not aware until the Defendant filed its summary judgment motion on January 2, 2008 that the Defendant would claim it was not liable for the actions of Per-Se because Per-Se still exists as a wholly owned subsidiary. *Id.*

Rule 21 of the Federal Rules of Civil Procedure allows a court to add parties at any stage of the litigation. Fed. R. Civ. P. 21. Rule 16(b), however, provides that a case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). In this case, the deadline for adding parties was on September 24, 2007. The Court finds that the Plaintiff has sufficiently demonstrated good cause for its failure to add Per-Se as a defendant earlier. Defendant McKesson did not contest its liability for Per-Se's actions previously in this litigation, despite conversations as to its corporate relationship with Per-Se during prior status conferences with this Court, but yet now seeks to disavow all liability for any allegedly improper conduct by claiming that Per-Se is a wholly owned subsidiary. The Plaintiff says that it was unaware of these facts until

Case No.1:07-cv-2036
Gwin, J.

the motion for summary judgment was filed.

This Court finds that the Plaintiff would be materially prejudiced if Per-Se were not added as a party and that justice so requires an amendment to include this new party defendant. Further, the Court concludes that the Plaintiff did not unduly delay in filing the motion to add Per-Se as a party, as the Sloman declaration asserting the corporate independence of Per-Se was not filed until January 2, 2008. [Doc. 29-8.] Finally, the Court notes that the addition of Per-Se as a new party defendant will not require Defendant McKesson to expend significant resources, conduct more discovery, or even re-file its summary judgment motion. The amendment will also not delay this proceeding because Per-Se presumably has knowledge of this lawsuit and will merely join in Defendant McKesson's summary judgment motion. The just and speedy resolution of this lawsuit will be enhanced by the addition of Per-Se as a third party defendant and will not create additional expense or prejudice towards the parties.

### IV. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's motions for leave to file third and fourth amended complaints. The Plaintiff is granted leave to file a third amended complaint adding Per-Se Technologies, Inc. as a party defendant, but is not permitted to add new claims beyond those already included in the second amended complaint.

IT IS SO ORDERED.

Dated: January 28, 2008    s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE