UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
COMMERCE BENEFITS GROUP, INC.,   :
                                                    :          CASE NO.: 1:07-CV-2036
                          Plaintiff,         :
                                                    :
vs.                                             :          OPINION & ORDER
                                                    :          [Resolving Doc. Nos. 50, 51, 52]
MCKESSON CORPORATION, ET AL.   :
                                                    :
                          Defendants.    :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before this Court are three motions filed by Plaintiff Commerce Benefits Group, Inc.

("Commerce Benefits") for an enlargement of time in which to conduct discovery on newly added

Defendant Per-Se Technologies, Inc. ("Per-Se"), to file a surreply in support of the Plaintiff's

opposition to the Defendants' summary judgment motion, and to produce an expert report. [Docs.

50, 51, 52.] Defendant McKesson Corporation ("McKesson") opposes all three motions. [Doc. 58.]

        For the following reasons, the Court **DENIES** the Plaintiff's motions for an extension of

time.

## I. Background

        On September 7, 2007, the Court issued a case management scheduling order in this case.

[Doc. 18.]  Pursuant to this order, dispositive motion discovery was to conclude on December 17,

2007 and all dispositive motions were to be filed by January 2, 2008. *Id.*  The Court set the deadline

for all discovery on March 24, 2008. *Id.*  The Court also ordered the exchange of the parties' written

expert reports, consistent with Fed. R. Civ. P. 26, ninety days before trial, which is set for April 14,

2008. [Doc. 17.]

        On January 28, 2008, this Court allowed the Plaintiff to file a third amended complaint

Case No.1:07-cv-2036
Gwin, J.

adding Per-Se Technologies, Inc. as a new party defendant. [Doc. 47.] In that order, the Court

expressly noted that the addition of Per-Se as a new party defendant would not require the parties

to expend significant resources or conduct substantially more discovery because Per-Se is a wholly

owned subsidiary of Defendant McKesson, the original defendant in this case.

On January 29, 2008, Magistrate Judge McHargh held a telephone conference with the

parties regarding the Plaintiff's pending motion to compel discovery of several sales forecasting and

budgeting documents allegedly not earlier produced by the Defendants. [Doc. 48.] The Court entered

an order, pursuant to the parties' agreement, that the ruling on the motion will be delayed pending

the results of four upcoming depositions. *Id.* The Court ordered Defendant McKesson's counsel

to use his best efforts to ensure that the Rule 30(b)(6) depositions of the two defendants will be taken

within 14 days and that two additional depositions would be taken within 30 days. *Id.*

On January 31, 2008, Plaintiff Commerce Benefits filed the three instant motions pursuant

to Rule 6(b) of the Federal Rules of Civil Procedure to enlarge the time in which it could conduct

discovery on the newly added Defendant Per-Se, file a surreply in support of its opposition to the

Defendant's summary judgment motion, and produce its expert report.  [Docs. 50, 51, 52.] The

Plaintiff argues that Defendant McKesson recently revealed that there are two years of back-up tapes

at Per-Se that have not been disclosed to the Plaintiff and have not been searched by the Defendant.

Further, the Plaintiff says that a Salesforce.com database might contain a full history of transactions

undertaken by Skip Best, a Per-Se employee who allegedly worked with the Plaintiff in developing

their product, and that only Per-Se has the license required to search this information. [Doc. 50.] The

Plaintiff also alleges that there are 20-25 budgeting and sales forecasting documents used by Skip

Best that have not been produced. [Doc. 52 at 2.] The Plaintiff claims that the Defendants have thus

Case No.1:07-cv-2036
Gwin, J.

failed to make a reasonable effort to find and produce all potentially relevant documents and that

the Plaintiff should be granted the requested additional time.  [Docs. 50, 51, 52.]

On February 8, 2008, Defendant McKesson filed a consolidated opposition to all three of the

Plaintiff's motions for an enlargement of time. [Doc. 58.] The Defendant asserts that the Plaintiff

has unduly delayed its attempts at discovery, that the Defendant has made reasonable efforts at

discovery, and that the final discovery deadline of March 24, 2008 is more than sufficient time to

conduct any remaining discovery. *Id.*  The Defendant asserts that the Plaintiff knew or should have

known that the corporations had back-up tapes and that these tapes are not necessarily discoverable.

Further, the Defendant argues that the Plaintiff has unduly delayed in producing its expert report

without justification and that it does not have the right to file a surreply in this case.  *Id.*

## II. Legal Standard

Rule 1 of the Federal Rules of Civil Procedure instructs that the rules "are to be construed

and administered to secure the just, speedy, and inexpensive determination of every action and

proceeding." Fed. R. Civ. P. 1.  To this end, Rule 16(b) provides that a case management schedule

"may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

"Although the Court has broad discretion to modify its own pretrial orders, it must be remembered

that adherence to reasonable deadlines is critical to maintaining integrity in court proceedings, and

that pretrial scheduling orders are the essential mechanism for cases becoming trial-ready in an

efficient, just, and certain manner."  *Surbella v. Foley*, 2006 U.S. Dist. LEXIS 55749, at *7 (S.D.

Ohio August 10, 2006) (internal quotations omitted).  In evaluating whether good cause exists to

extend court-ordered deadlines, the primary focus of the inquiry is upon the moving party's

diligence, but the Court also considers presence or absence of prejudice to the other party.  *Inge v.*

Case No.1:07-cv-2036
Gwin, J.

*Rock Financial Corp.*, 281 F.3d 613, 625-26 (6th Cir. 2002).  Upon a showing of good cause, a

district court should modify its scheduling order only "if it cannot reasonably be met despite the

diligence of the party seeking the extension." *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003)

(citing Fed. R. Civ. P. 16, 1983 advisory committee's notes and *Inge,* 281 F.3d at 625).

### III. Discussion

In this case, the Court has already extended several of its deadlines for the Plaintiff's benefit.

The Court pushed back all dispositive motion deadlines by over a month on January 18, 2008. [Doc.

38.] On January 28, 2008, the Court allowed the Plaintiff to amend its complaint for the fourth time

to add a new defendant, despite the Court's previous order that all parties should be joined by

September 24, 2007. [Doc. 47.]  The Court concluded that Defendant McKesson's delay in

providing discovery prejudiced the Plaintiff and that good cause existed for those extensions of time.

In reviewing the three instant motions for enlargement of time, however, the Court finds that

the Plaintiff has failed to demonstrate good cause for the amendment of the Court's deadlines

regarding expert report exchanges, dispositive motion filings, and discovery, and further concludes

that the Defendant will be prejudiced by a blanket extension of time for these purposes.

First of all, the Court denies the Plaintiff's motion for more time to conduct discovery

because the Plaintiff, if acting diligently, can still meet the Court's originally scheduled discovery

cutoff deadline on March 24, 2008, even in light of the Defendant's delay in producing certain

documents.  *See, e.g., Leary,* 349 F.3d at 906.  The Magistrate has scheduled a status conference on

the Plaintiff's motion to compel for March 3, 2008, by which time the Defendant is expected to have

fully complied with the Plaintiff's pending discovery requests.  At that time, if the Plaintiff is still

experiencing problems in obtaining potentially relevant and discoverable information from the

Case No.1:07-cv-2036
Gwin, J.

Defendants, the Plaintiff is free to ask this Court for an extension of time in which to conduct

discovery on the newly added Defendant Per-Se.  At this stage in the litigation, however, the Court

finds that there is no good cause to provide the Plaintiff with a blanket extension of more time in

which to conduct discovery.

Second, the Court denies the Plaintiff's motion for an extension of time in which to file a

supplement to its opposition to the Defendant's summary judgment motion.  The Court has already

granted the Plaintiff additional time in which to file an opposition to the Defendant's summary

judgment motion, and finds no good grounds to justify an additional extension.  Parties have no right

to wait until all possible discovery is completed before filing motions for summary judgment.  *See*

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 326 (1986) (noting that summary judgment motions are

proper after "adequate time for discovery" and concluding that premature summary judgment

motions "can be adequately dealt with under Rule 56(f), which allows a summary judgment motion

to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an

opportunity to make full discovery"); *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.,* 936 F.2d

889, 893 (6th Cir. 1991) (concluding that "summary judgment should not be granted unless the

nonmoving party has had the opportunity to discover information essential to opposition. . . The

need to allow adequate discovery is not without limits, however, and a trial court is given wide

discretion in balancing the needs and rights of both plaintiff and defendant") (internal citations

omitted).

The Plaintiff has had adequate time for discovery during the seven months since this lawsuit

was initiated in this Court.  The Court notes that the Plaintiff still has until February 16, 2008 to

oppose Defendant Per-Se's summary judgment motion. Any further delays in the judicial review of

Case No.1:07-cv-2036
Gwin, J.

the pending summary judgment motions, however, will unfairly prejudice the Defendant and will unduly delay the remaining discovery and trial dates for this case, resulting in additional time and expense incurred by the parties and this Court.

The Court also denies the Plaintiff's motion for an overly long extension of time in which to produce its expert report. The Plaintiff was required to produce this report to the Defendants by January 14, 2008, which was ninety days before trial. [Doc. 17.] The Plaintiff should have already exchanged its written expert report and that report should have been based on all relevant information available to the Plaintiff. The Plaintiff may not withhold its expert report until discovery is substantially completed and its expert has been able to review all possibly relevant documents. If additional discovery suggests the expert report be amended, the Plaintiff can move the court for leave to file such an amended report with specific justification for the amendment.

Further, the Plaintiff unduly delayed in filing its motion for more time to produce its expert report. When deposing Skip Best on December 14, 2007, the Plaintiff became aware of the 20-25 budgeting and sales forecasting documents he may have used. One of these documents, the Moses Cone forecasting document, was supplied to the Plaintiff at the status conference with this Court on January 2, 2008. The Plaintiff waited nearly a month, however, until after the deadline for expert report production passed, before it asked the Court for an extension of time on these grounds. The Court finds that the Plaintiff has failed to show sufficient cause to justify an extension of time under Rules 6(b) and Rule 26 of the Federal Rules of Civil Procedure and finds that the Defendant would be prejudiced in its preparation for trial by allowing further delay in producing the expert report.

Finally, the Court notes that it is troubled by the ongoing discovery problems between the parties in this case. Defendant McKesson appears to have been largely uncooperative throughout

-6-

Case No.1:07-cv-2036
Gwin, J.

the discovery process.  Further, the Defendant's assertion that the back-up tapes recently discovered by Per-Se are presumptively not searchable is without merit.  Defendant McKesson misstates "the general rule that such electronic media are not to be searched because the data on them is not reasonably accessible without undue burden or cost." [Doc. 58 at 4-5.] Rather, upon a motion to compel discovery, the presumption is that electronically stored information is indeed discoverable unless the party from whom discovery is sought makes a sufficient showing of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B).  Even if that party shows that the electronic discovery would be unduly expensive and burdensome, the Court may still order discovery of such information upon a showing of good cause.  *Id.*

The Court therefore orders all parties to continue discovery and encourages them to avoid further unnecessary problems and expense between now and the final discovery deadline on March 24, 2008.  While the Court currently denies the Plaintiff's motions for extensions of time based upon the Defendant's failure to cooperate in discovery, the Court instructs the Plaintiff that it is free to reapply to the Court for additional time at a later date upon a specific showing of good cause due to ongoing discovery problems.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** the Plaintiff's motions for an extension of time.

IT IS SO ORDERED.

Dated: February 13, 2008                          s/_____ *James S. Gwin*_____
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE