UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COMMERCE BENEFITS GROUP, INC., | ) ) | Case No. 1:07CV2036 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | JUDGE JAMES GWIN (Magistrate Judge McHargh) |
| McKESSON CORP., et al., | ) ) ) | |
| Defendants. | ) ) ) | MEMORANDUM AND ORDER |

McHARGH, Mag.J.

In this breach of contract action, plaintiff Commerce Benefits Group, Inc. (CBG), filed a motion to compel against defendant McKesson Corp. on Dec. 31, 2007. (Doc. 26.) Since that time, Per Se Technologies, Inc., has been added as defendant. (Doc. 47, 53.) Skip Best was defendant's employee who worked with plaintiff on the potential joint 340(b) pharmacy program. (Doc. 26, at 3, doc. 33, at 3-4.) He no longer works for defendant, but was deposed on Dec. 14, 2007.

The plaintiff has filed a motion to compel, but has failed (to date) to fully comply with LR 37.2's requirement that the actual contested discovery requests and responses be provided to the court. CBG has provided their requests for documents

(doc. 68, PX B-C), along with several responses which appear to be typical and indicative of the disputed areas (doc. 26, at 1-3).

The motion to compel argues that the defendants have failed to "produce all documents, including but not limited to all emails, regarding a 340B pharmacy program" between plaintiff and the defendants. (Doc. 26, at 1-2.) As of the date of the motion (12/31), plaintiff asserted that "no documents relating to budget or sales forecasts for the joint 340(b) pharmacy program [had] been supplied by defendant." Id. at 3. It is undisputed that several such documents have since been produced.

On March 5, 2008, the court held a hearing to clarify several questions arising out of the parties' memoranda regarding the motion to compel. See, e.g., doc. 68, 71.

At the hearing, the defendants outlined the protocol used in their documents searches, and the various steps that have been taken toward satisfying the plaintiff's requests for the production of documents. See also doc. 63, Riordan decl., and doc. 71, at 2-10. The defendants have searched extensively for documents created by, or held by, individuals identified by Best as possibly relevant to the underlying dispute. The defendants represent that any such documents which may be relevant have been produced. Plaintiffs admit having received several such documents, although they argue there should be more.

The timing of the production may not be optimal, but the court cannot say that any delay is due solely (if even in part) to defendants' dilatory responses, as opposed to the plaintiff's lack of diligence[1] in pursuing discovery.

Having considered the motion, and the memoranda filed in support and in opposition, the court finds that plaintiff has not supported a grant of the relief sought in the motion to compel or its supplement. (Doc. 26; doc. 68, and PX H.) Aside from the arguments about timing, plaintiff did not demonstrate that the focus of the defendants' search was not reasonably directed toward finding the documents. The plaintiff has not established that the relevance and necessity of any further discovery into, for example, email backup tapes, outweighs the burden and expense that would ensue, not to mention the further delay which would certainly follow. The court further notes that the discovery sought does not appear essential to the core issues of contract formation or promissory estoppel, nor did the plaintiff explain how the proposed discovery would assist plaintiff in developing these claims.

The issue of privilege was also discussed, briefly, at the hearing. The court hereby orders defendant to provide a privilege log to plaintiff for any documents which are being withheld on the basis of privilege. The court notes that the burden of establishing the attorney-client privilege rests with the party asserting it. The

---

[1] Exemplified, to give one example, in the failure of plaintiff to pursue a proposed Oct. 30, 2007, deposition under Rule 30(b)(6), which would have identified defendants' procedures and policies for backup retention, and related issues, which are at the core of the present dispute. See doc. 71, exh. [2].

claimant must establish that each document in question involves a communication made in confidence. In the log, the party asserting the privilege must identify the contested documents with sufficient particularity to enable opposing counsel to intelligently argue that the privilege ought not be applied. The privilege log must include a particularized description of the contents of each document.

The motion to compel (doc. 26) is DENIED.

IT IS SO ORDERED.

March 6, 2008  /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge