UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
COMMERCE BENEFITS GROUP, INC.,   :
: CASE NO.: 1:07-CV-2036
      Plaintiff,   :
:
vs.   : OPINION & ORDER
: [Resolving Doc. No. 79]
MCKESSON CORPORATION, ET AL.,   :
:
      Defendants.   :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On March 20, 2008, this Court granted summary judgment in favor of Defendants McKesson Corporation ("McKesson") and Per-Se Technologies, Inc. ("Per-Se") on all of the claims raised by Plaintiff Commerce Benefits Group, Inc. ("Commerce Benefits"). [Doc. 76.] The Court accordingly entered judgment dismissing the case in its entirety. [Doc. 77.]

      On April 2, 2008, the Defendants requested that the Court assess costs in the amount of $10,890.15 against the Plaintiff under Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. [Docs. 79, 80.] The Defendants claim that, as the prevailing parties in this litigation, they are entitled to recover the costs of litigation, aside from attorneys' fees, from the non-prevailing party. The Defendants thus present the Court with a bill for expenses incurred due to court reporter fees, witness fees, and duplicating costs.

      On April 9, 2008, the Plaintiff objected to these costs. [Doc. 81.] The Plaintiff says that it brought the suit in good faith and that the Defendants themselves added to the expense of the

Case No.1:07-cv-2036
Gwin, J.

litigation by continually failing to cooperate with respect to discovery during the pendency of the case. The Plaintiff asks this Court to use its discretion to deny or reduce the asserted costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While this language creates a presumption in favor of awarding costs to a prevailing party in a civil suit, district courts have broad discretion to deny costs. *See Knology, Inc. v. Insight Comm. Co., L.P.,* 460 F.3d 722, 726 (6th Cir. 2006); *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001). The Sixth Circuit has identified several factors that courts should consider in evaluating a non-prevailing party's request not to be assessed costs, including "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton,* 241 F.3d at 539 (citing *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 730-33 (6th Cir. 1986)).

It is undisputed that the Defendants were the prevailing parties in this litigation. The Court, however, in its discretion, concludes that the Defendants are not entitled to the costs that they seek for litigation expenses. Defendants McKesson and Per-Se repeatedly delayed and refused to cooperate in discovery throughout the pendency of this case. The Defendants refused to provide information to the Plaintiff in a timely and voluntary manner, requiring both the Plaintiff and this Court to expend significant time and resources in attempting to resolve the resulting discovery disputes.[1/] The Court also agrees with the Plaintiff that a significant portion of the Defendants' costs

---

[1/] This Court, as well as the Magistrate Judge, had to spend substantial time dealing with numerous discovery-related problems between the parties, including motions to shorten discovery deadlines, to extend discovery deadlines, to compel discovery, to extend dispositive motion deadlines due to ongoing discovery problems, to amend the complaint, and to schedule multiple hearings and status conferences regarding the discovery disputes. *See, e.g.,* Docs.
(continued...)

Case No.1:07-cv-2036
Gwin, J.

were unnecessary. The Defendants seek court reporter fees for numerous depositions that they never cited or used to support their summary judgment motions. Many of these costs could have been easily avoided or reduced had the Defendants been more willing to cooperate with the Plaintiff earlier in the discovery process.

Further, the Court finds that the lawsuit was brought in good faith and that the Plaintiff's claims had legitimate evidentiary and legal support. While the Court ultimately concluded that there was no genuine issue of material fact and that the Defendants were entitled to judgment as a matter of law, the factual and legal issues presented by the Plaintiff regarding its purported contract with the Defendants were at least somewhat meritorious and presented a close and relatively difficult decision for this Court to make.

For the reasons stated above, the Court concludes that the parties should bear their own costs and thus **DENIES** the Defendants' request to assess costs against the Plaintiff.

IT IS SO ORDERED.


Dated: April 23, 2008                    s/       *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

$^{1/}$(...continued)
23, 25, 26, 27, 36, 37, 42, 50, 51, 52, 69. Nearly all of these discovery disputes resulted from the Defendants' unwillingness or inability to produce documents, specifically those materials relating to the 340B program referenced in Skip Best's deposition.