UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                           :
COMMERCE BENEFITS GROUP, INC.,    :
                                                           :              CASE NO. 1:07-CV-2036
            Plaintiff,                              :
                                                           :
vs.                                                    :              OPINION & ORDER
                                                           :              [Resolving Doc. Nos. 78, 84]
MCKESSON CORPORATION, ET AL.  :
                                                           :
            Defendants.                         :
                                                           :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 20, 2008, this Court granted summary judgment in favor of Defendants McKesson Corporation ("McKesson") and Per-Se Technologies, Inc. ("Per-Se") on all of the claims raised by Plaintiff Commerce Benefits Group, Inc. ("Commerce Benefits"). [Doc. 76.] The Court accordingly entered judgment dismissing the case in its entirety. [Doc. 77.] On March 31, 2008, the Plaintiff filed this instant motion to reconsider the Court's decision to grant summary judgment in favor of the Defendants pursuant to Federal Rule of Civil Procedure 59(e). [Doc. 78.] On April 14, 2008, the Defendants opposed the motion to reconsider. [Doc. 82.]

For the following reasons, this Court **DENIES** the Plaintiff's motion to reconsider.

**I. Legal Standard**

A motion for reconsideration is considered a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may

Case No.1:07-cv-2036
Gwin, J.

properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration but by "appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

## II. Discussion

The Plaintiff argues that the Court should reconsider its grant of summary judgment in favor of the Defendants on the grounds that the Court committed plain error in certain findings and conclusions contained in its March 20, 2008 opinion and order. The Plaintiff asserts that the Court erred by: (1) failing to consider material evidence, specifically Phil Jordan's affidavit; and (2) concluding as a matter of law that the Defendants were free to terminate the alleged joint venture. [Doc. 78 at 2.] The Court will address each ground in turn.

*A. The Court's Alleged Factual Errors*

The Plaintiff says that the Court committed plain error when it overlooked evidence contained

Case No.1:07-cv-2036
Gwin, J.

in the affidavit of Phil Jordan ("Jordan"), the Chief Product Officer of Defendant Per-Se. The Plaintiff says that the Jordan affidavit establishes that the parties agreed at the September 2006 meeting in Avon Lake, Ohio that they would jointly pursue the 340B initiative and then, in the following months, they actively began pursuing the project. The Plaintiff alleges that this supposedly overlooked affidavit presents a genuine issue of material fact sufficient to withstand summary judgment as to whether the parties agreed to jointly market the 340B project.

The Court notes at the outset that the Plaintiff's assertion that the Court failed to cite the Jordan affidavit, and therefore presumably forgot to review it, is erroneous. The Court thoroughly considered all of the evidence presented by both sides in evaluating the Defendants' summary judgment motions. While under no obligation to cite to every piece of evidence in the record, the Court did, in fact, directly cite the Jordan affidavit on the third page of its summary judgment decision. In that opinion, the Court explicitly acknowledged that Jordan testified that "[u]nder this [340B] initiative, Plaintiff CBG and its affiliated brokers would market the idea, and Defendant Per-Se would use its technology to implement the project. [Jordan Aff., Doc. 35-9 at 5-6.]" [Doc. 76 at 3.] The Jordan affidavit is neither "new" nor "overlooked" evidence for this Court to consider.

Even more importantly, the Jordan affidavit fails to present any genuine issue of material fact that would preclude this Court from granting summary judgment in favor of the Defendants. The allegedly "material" evidence contained in the Jordan affidavit is Phil Jordan's statement that he subjectively believed that an agreement to market the 340B initiative had been reached at the September 2006 meeting between Plaintiff Commerce Benefits and Defendant Per-Se. The record, however, also contained a videotape and transcript of the September 2006 meeting itself. Such evidence was heavily relied upon by this Court in evaluating whether an oral contract was formed

-3-

Case No.1:07-cv-2036
Gwin, J.

between the parties at that time and this direct, firsthand evidence of the business meeting was discussed heavily in the Court's opinion. Jordan's mere assertion that an "agreement" was formed, without any evidence as to the specific terms of such an alleged agreement, is insufficient on its own to create a genuine issue of material fact as to whether a legally enforceable contract was formed.

The Court properly determined, based on all of the evidence construed in the light most favorable to the Plaintiff, that no oral contract was formed at the September 2006 meeting.

*B. The Court's Alleged Legal Errors*

The Plaintiff also alleges that the Court committed plain error when it concluded as a matter of law that the Defendants had the ability to terminate at any time the alleged joint marketing venture. The Plaintiff says that its promissory estoppel claim should have survived summary judgment because "[i]f the parties agreed to jointly market, and incurred expenses as a result, Per Se and McKesson are estopped to deny that there was an agreement and cut off the venture before it has a reasonable chance to succeed unless it has good reason to do so." [Doc. 78 at 7.] The Plaintiff therefore claims that a jury should determine the circumstances under which termination would be appropriate. *Id.* This Court again disagrees.

The Plaintiff relies heavily on a 1994 Ohio appellate court decision to support its claim that a lack of certainty regarding the details of the alleged joint business venture does not preclude a finding of promissory estoppel. *ZBS Industries, Inc. v. Anthony Cocca Videoland, Inc.,* 637 N.E.2d 956 (Ohio Ct. App. 1994). In *ZBS Industries*, the parties attempted to create an oral contract regarding the sale of videotapes that was unenforceable under the statute of frauds because it could not be performed within one year. The parties' failed oral contract provided that ZBS would provide Videoland with 1,000 movies each month for $60 per movie, and that Videoland would then rent

Case No.1:07-cv-2036
Gwin, J.

those videotapes for 45 days at a fee of $2 per day, for a term of two years. *Id.* at 959-60. While the oral contract was not enforceable under the statute of frauds due to its two year duration, the court found that the parties had specifically agreed on the price, terms, duration, and marketing strategy for the business venture and therefore affirmed the jury award in favor of Videoland because Videoland reasonably relied on this definite agreement and "the lost profits were not remote or speculative and were shown with reasonable certainty." *Id.* at 960.

To prove a promissory estoppel claim under Ohio law, a plaintiff must show "(1) a clear and unambiguous promise; (2) reliance upon the promise by the promisee; (3) reliance by the promisee that is both reasonable and foreseeable; and, (4) injury to the promisee as a result of the reliance." *Baseball at Trotwood, LLC v. Dayton Professional Baseball Club, LLC,* 204 Fed. Appx. 528, 540 (6th Cir. 2006) (internal citation omitted). As the *ZBS Industries* court accurately noted, "Lost profits may be recovered [under promissory estoppel] by a plaintiff in an appropriate case where 'the profits are not remote and speculative and may be shown with reasonable certainty.' Moreover, it has been stated that 'the amounts of lost profits, as well as their existence, must be demonstrated with reasonable certainty." *ZBS Industries,* 637 N.E.2d at 959 (internal citations omitted).

In this case, it is undisputed that Plaintiff Commerce Benefits and Defendants Per-Se and McKesson never agreed, either orally or in writing, as to the duration of their purported business relationship to promote the 340B product, the compensation and/or reimbursement that either party would receive for its efforts, the expenses that each would bear, or the business procedure regarding how the parties would go about soliciting clients and procuring contracts. There was no clear and unambiguous promise between the parties as to such a marketing venture, and, even if such an agreement existed, the Plaintiff has failed to prove that a sufficient likelihood of profit or expectation

Case No.1:07-cv-2036
Gwin, J.

damages existed in this case. Even construing the evidence of the anticipated profits for the Moses-Cone deal in the light most favorable to Plaintiff Commerce Benefits, those profits, at best, were highly speculative and uncertain. The parties were unable to convince any potential clients to sign a contract for the 340B product even during their period of utmost cooperation, and there is no reasonably certain evidence showing that Moses-Cone would likely have actually contracted with the parties for the product.[1] As this Court has already concluded, the indefiniteness of the alleged joint venture renders the purported agreement legally unenforceable under both a breach of contract and a promissory estoppel theory.

### III. Conclusion

For the reasons stated above, the Court **DENIES** the Plaintiff's motion to reconsider. [Doc. 78.] Having resolved all issues presented in that motion, the Court also **DENIES** as moot the Plaintiff's motion for a status conference on the motion to reconsider. [Doc. 84.]

IT IS SO ORDERED.

Dated: June 9, 2008                                      s/     *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[1] Insofar as the Plaintiff again cites *Olympic Holding Co., LLC v. Ace Ltd.,* 2007 WL 4340276 (Ohio Ct. App. 2007) for the proposition that joint venturers owe each other fiduciary duties and that these duties include the obligation to continue the venture in good faith even absent a written contract, the Court notes that the Plaintiff was not permitted to amend its complaint to raise a breach of fiduciary duty claim. [Doc. 47.]